UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

MOLEKULE GROUP, INC. and             Case No. 23–18094–EPK
MOLEKULE, INC.,            Case No. 23–18093–EPK

           Chapter 11
     Debtors.            (Jointly Administered)
_____/

MOLEKULE GROUP, INC.,
a Delaware corporation,

     Plaintiff,

vs.            Adv. Proc. No. 24–01004–EPK

AURA SMART AIR, LTD., an Israeli
corporation,

     Defendant.
_____/

**MOTION FOR SANCTIONS AGAINST AURA SMART AIR, LTD. OR,
IN THE ALTERNATIVE, TO COMPEL DISCOVERY RESPONSES**

Molekule Group, Inc. n.k.a. MKUL, Inc. ("Molekule Group"), pursuant to Federal Rule of Civil Procedure 37, respectfully requests the entry of an order sanctioning Aura Smart Air, Ltd. ("ASA Ltd.") or, in the alternative, compelling discovery responses. In support of this request Molekule Group states:

**A.**     **Background.**

1.     On February 9, 2024, Molekule Group issued document requests and interrogatories to ASA Ltd., copies of which are attached hereto as **EXHIBIT "A"** (the

"Discovery"). Pursuant to Fed. R. Civ. P. 33 and 34, responses to the Discovery were due within 30 days, i.e. on or before Monday March 11, 2024.

2. To date, ASA Ltd. has neither requested an extension of this deadline nor responded to the Discovery.

**B.    Sanctions are Appropriate Under Rule 37(d).**

3. Rule 37(d) governs sanctions "against a party for especially serious disregard of the obligations imposed by the discovery rules even though it has not violated any court order." 8B Wright & Miller, Federal Practice and Procedure, Civil § 2291 (3d ed.). The rule states in relevant part that the Court may order sanctions of the type listed in Rule 37(b)(2)(A)(i)–(vi) if a party *inter alia* fails to serve a written response to document requests or interrogatories, after notice. Fed. R. Civ. P. 37(d)(1) and (3). "No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party." Wright & Miller, *supra*.

4. The sanctions permitted by a violation of Rule 37(d) include striking pleadings, staying further proceedings until discovery requests are complied with and rendering a default judgment against the disobedient party. In weighing an appropriate sanction, courts consider factors such as whether the violation was the result of willful or bad faith conduct, the prejudice to the moving party, and whether a lesser sanction will ensure compliance with future court orders. *See Kartagener v. Carnival Corp.*, 380 F.Supp.3d 1290, 1297–98 (S.D. Fla. 2019) (citations omitted). Molekule Group respectfully submits that these factors weigh in favor of substantial

{2471/001/00577689}

sanctions. ASA Ltd. has not explained why it has utterly failed to respond to the Discovery. Moreover, the failure of ASA Ltd. to respond to Discovery appears to be part of an intentional, broader pattern of conduct. The Court has already sanctioned ASA Ltd. under Rule 37(d) for failing to respond to document requests in connection with a claim objection (the "Sanctions Order"). *See* ECF No. 426 in Case No. 23–18094–EPK. Among other things, the Sanctions Order directed ASA Ltd. to respond to said document requests by March 8, 2024, and to pay Molekule $2,000 in attorneys' fees and costs by March 12, 2024. ASA Ltd. has failed to comply with either requirement.

5. In light of these factors Molekule Group respectfully requests that the Court strike the answer filed by ASA Ltd. and/or enter a default judgment against ASA Ltd.

> **C. Alternately, the Court Should Direct ASA Ltd. to Respond to the Discovery.**

6. Fed. R. Civ. P. 37(a) permits a party to move for an order compelling disclosure or discovery when *inter alia* a party fails to answer deposition questions or interrogatories, or fails to produce documents. Fed. R. Civ. P. 37(a)(3).

7. Again, ASA Ltd. has not responded to outstanding discovery. Molekule Group respectfully requests an order compelling it to do so under Rule 37(a), in the alternative to the Rule 37(d) relief requested *supra*.

> **D. Molekule Group Should be Awarded Attorneys' Fees and Costs Against ASA Ltd.**

8. Rule 37(d)(3) permits the Court to award reasonable expenses, including fees, caused by the conduct at issue "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Additionally, if a motion to compel is granted, Rule 37(a) directs the Court, after giving an opportunity to be heard, to "require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). As with Rule 37(d)(3), an award of expenses may not be justified under certain circumstances, including when the discovery objections were substantially justified. *Id.* For the reasons stated *supra*, ASA Ltd.'s failure respond to discovery is not justified under the circumstances. An award of fees and expenses against ASA Ltd. is merited under Rule 37(d)(3) or 37(a)(5)(A), as applicable.

## GOOD FAITH CERTIFICATION

The undersigned certifies, pursuant to Fed. R. Civ. P. 37(a)(1) and 37(d)(1)(B), and Local Rule 7026-1, that he has attempted to confer with ASA Ltd. by email on March 12, 2024, in a good faith effort to resolve by agreement the issues raised herein without Court intervention, but has been unable to do so.

**WHEREFORE**, Molekule Group respectfully requests the entry of an order (1) awarding sanctions against the ASA Ltd. under Rule 37(d)(1), in the form of striking the answer of ASA Ltd., entering a default judgment against ASA Ltd., or such other sanctions as determined by the Court; (2) in the alternative, compelling the ASA Ltd. to immediately respond to the Discovery attached hereto under Rule

37(a); (3) awarding Molekule Group fees and costs against ASA Ltd. under Fed. R. Civ. P. 37; and (4) granting Molekule Group such further relief as the Court deems just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on March 15, 2024.

                                          **SHRAIBERG PAGE P.A.**
                                          Attorneys for Molekule Group
                                          2385 NW Executive Center Drive, #300
                                          Boca Raton, Florida 33431
                                          Telephone: 561-443-0800
                                          Facsimile: 561-998-0047
                                          bss@slp.law
                                          pdorsey@slp.law

                                          By: ___/s/ Patrick Dorsey_____
                                                    Bradley Shraiberg, Esq.
                                                    Florida Bar. No. 121622
                                                    Patrick Dorsey, Esq.
                                                    Florida Bar. No. 0085841

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

MOLEKULE GROUP, INC. and Case No. 23–18094–EPK
MOLEKULE, INC. Case No. 23–18093–EPK

 Chapter 11
 Debtors. (Jointly Administered)
_____/

MOLEKULE GROUP, INC.,
a Delaware corporation,

 Plaintiff,

vs. Adv. Proc. No. 24–01004–EPK

AURA SMART AIR, LTD., an Israeli
corporation,

 Defendant.
_____/

**DEBTOR'S FIRST SET OF INTERROGATORIES
TO AURA SMART AIR, LTD.**

Plaintiff, Molekule Group, Inc. (the "<u>Debtor</u>"), pursuant to Fed. R. Civ. P. 33, requests that Defendant, Aura Smart Air, Ltd., answer the following interrogatories, in writing and under oath within thirty (30) days.

Capitalized terms in the interrogatories shall have the meanings ascribed to them in the Complaint [ECF No. 4] unless otherwise defined herein. The term "person" in the interrogatories shall mean any natural person, entity, corporation, partnership, proprietorship, firm, association, company and joint venture whether public or private, as well as any governmental agency, division or department.

1
{2471/001/00573484}

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by First Class U.S. mail and email to all parties listed below, on February 9, 2024.

Jerry Tamayo, Esq.
110 S.E. Sixth Street
Suite 1500
Fort Lauderdale, FL 33301
jdt@TrippScott.com

        Respectfully Submitted,

        **SHRAIBERG PAGE P.A.**
        Attorneys for the Debtors
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: pdorsey@slp.law

        By:   /s/ Patrick Dorsey
             Patrick Dorsey, Esq.
             Florida Bar. No. 008584

## INTERROGATORIES

      1.    Identify every person that has, or has had, an ownership interest, whether legal or equitable, in any of the intellectual property that is referenced in the TCA (including, without limitation, Background IP or Deliverables), from January 1, 2023 to the present date. Your answer to this interrogatory should include, but is not limited to: (a) the name and contact information for each such person, (b) with respect to each such person, a description of the ownership interest and the specific intellectual property that is subject to the ownership interest, and (c) the dates that such person acquired, held and, if applicable, transferred such ownership interest.

      2.    Describe with specificity each and every fact supporting the affirmative defense alleged in page 7, ¶ 2 of Defendant's Answer and Affirmative Defenses [ECF No. 48]. Your answer to this interrogatory should include, but is not limited to, describing with specificity the "prior material breach of a Co-Distribution Agreement," and the "breach of their [Plaintiffs'] agreements and promises." *See* Ans. 7, ¶ 2.

3. Describe with specificity each and every fact supporting the affirmative defense alleged in page 8, ¶ 4 of Defendant's Answer and Affirmative Defenses [ECF No. 48].

4. Describe with specificity each and every fact supporting the affirmative defense alleged in page 8, ¶ 5 of Defendant's Answer and Affirmative Defenses [ECF No. 48].

## **DECLARATION**

I declare under penalty of perjury that the foregoing responses to the *First Set of Interrogatories to Aura Smart Air, Ltd.* are true and correct.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
**Name:**

SWORN TO AND SUBSCRIBED before me tits _____ day of _____ 2024 by_____, who is known to me, or who produced _____ as identification.

_____
NOTARY PUBLIC
STATE OF FLORIDA AT LARGE

Print Name:_____
Commission No. _____
My Commission Expires:_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

MOLEKULE GROUP, INC. and            Case No. 23–18094–EPK
MOLEKULE, INC.            Case No. 23–18093–EPK

           Chapter 11
   Debtors.            (Jointly Administered)
_____/

MOLEKULE GROUP, INC.,
a Delaware corporation,

   Plaintiff,

vs.            Adv. Proc. No. 24–01004–EPK

AURA SMART AIR, LTD., an Israeli
corporation,

   Defendant.
_____/

**DEBTOR'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO AURA SMART AIR, LTD.**

Molekule Group, Inc. (the "Debtor"), pursuant to Fed. R. Civ. P. 34, serves the following document requests on Aura Smart Air, Ltd. ("Aura"). This notice is intended to cover the documents specified in **SCHEDULE "A"** that are in the possession, custody and control of Aura. Pursuant to Rule 34, written responses to the document requests are due within thirty (30) days of service.

**DEFINITIONS**

1.   Answer: Means the Answer of Aura filed in this adversary proceeding, as amended.

{2471/001/00573482}            1

2. <u>Aura</u>: Means Aura Smart Air, Ltd., together with and all members, managers, managing members, officers, employees, accountants, attorneys, or other agents thereof.

3. <u>Claim</u>: Means Proof of Claim No. 28-1 filed by Aura, including all causes of action and other claims (as such term is defined in 11 U.S.C. § 101(5)) referenced therein.

4. <u>Communication</u>: Means and includes, without limitation, statements, discussions, negotiations, conversations, speeches, meetings, remarks, questions, answers, panel discussions, symposia, and every other manner of disclosure, transfer or exchange of information, whether written or oral. The term includes communications and statements which are face-to-face and those which are transmitted by media such as intercom, telephone, television, radio, mail, modem, email or text messages.

5. <u>Concerning</u>: Means relating to, referring to, referencing, reflecting, describing, discussing, evidencing, supporting, stating, mentioning, embodying, setting forth, commenting on, assessing, recording, constituting, comprising, touching upon, summarizing, identifying, commenting on, reflecting, indicating, analyzing, pertaining to in any way, or having any logical or factual connection whatsoever to the subject matter in question.

6. <u>Creditor</u>: Has the definition ascribed to it in 11 U.S.C. §§ 101(5) and 101(10).

7. <u>Debtor</u>: Means Molekule Group, Inc., together with and all members, managers, managing members, officers, employees, accountants, attorneys, or other agents thereof.

8. <u>Debtors</u>: Means Molekule Group, Inc. and Molekule, Inc., together with and all members, managers, managing members, officers, employees, accountants, attorneys, or other agents thereof.

9. <u>Document</u>: Shall be interpreted in the broadest sense, and includes all contracts, communications, correspondence, memoranda, summaries, notes, records, reports, studies, books, summaries, writings, summaries or records of telephone conversations or electronic mail messages, summaries or records of personal conversations or interviews, summaries or records of negotiations, diaries, telegrams, minutes or records of meetings or conferences, calendars, forecasts, work papers and all drafts (of whatever date), journals, file folders, ledgers, accounts, appraisals, bills, invoices, checks, statements, inter-office or intra-office communications, electronic mail messages, bulletins, brochures, pamphlets, circulars, trade letters, printed matter including newspapers, magazines and other publications, and articles and clippings therefrom, advertisements, press releases, teletypes, telecopies, facsimiles, lists, language translations, transcriptions, computer printouts, disks or tapes, graphs,

charts, drawings, photographs, film, phono records, other recordings, audio or video tapes, microfiche, microfilm, and other data compilations from which information can be obtained or translated, if necessary, by the respondent into reasonably usable form. Any draft, copy, amendment, alteration, or modification of any document which differs in any respect from the original or final document, whether in words, numbers, punctuation, date, length or format, or by reason of notations, annotations, comments or other markings thereon, or otherwise, is a separate document. When a document is within the scope of a request for a request for production of documents, all amendments, riders, drafts, attachments, exhibits thereto, and all other documents which were ever physically attached to such document, by any means, are also requested. When an amendment, rider, attachment or exhibit to a document is within the scope of a request for production of documents, the document, and all other amendments, riders, attachments, exhibits thereto, and all drafts of any of them, are also requested. If a photograph, film, computer disk or tape, video tape and audio tape are requested, as are any inexact duplicates of any such photograph, film, disk or tape, including, without limitation, all enlargements, enhancements, and the like. Written or recorded notes, measurements, and dictations for later transcription for review are within the definition of Document in this Request.

10. <u>ESI</u>: Means any electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

11. <u>Merger Agreement</u>: Means the Merger Agreement attached to the Claim as Exhibit 5.

12. <u>Objection</u>: Means the *Objection to Claim No. 28-1 Filed by Aura Smart Air, Ltd.* filed at ECF No. 295.

13. <u>Person</u>: Means any natural person, corporation, partnership, proprietorship, firm, association, company and joint venture whether public or private, as well as any governmental agency, division or department.

14. <u>Potential Purchaser</u>: Means any person that has expressed interest in acquiring any of the intellectual property referenced in the TCA.

15. <u>TCA</u>: Means the Technology Collaboration Agreement attached to the Claim as Exhibit 1.

**INSTRUCTIONS**

1. Each page of each document should be numbered consecutively, and the documents shall be produced with an accompanying index appropriately

{2471/001/00573482}    3

identifying the document, the beginning page number of the document as numbered in accordance with this Request to which the document responds.

2. The documents sought include documents within the respective custody, possession or control of Mr. Moore and each of Mr. Moore's agents, including, without limitation, documents in the custody, possession or control of the accountants, advisers, attorneys, representatives, directors, officers, employees and/or other agents of same.

3. Any document requested that has been destroyed or otherwise disposed should be identified by author, addressee, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, person authorizing destruction or other disposition and person destroying or disposing of the document.

4. If any document is withheld on the basis of a claimed privilege, state with respect thereto:

    (i)     The privilege upon which you are relying;
    (ii)    The holder of the privilege;
    (iii)   The type of document (e.g., letter, memorandum, etc.);
    (iv)    The date;
    (v)     The author;
    (vi)    The addressee;
    (vii)   The subject matter of the document;
    (viii)  Number of pages;
    (ix)    Attachments or appendices;
    (x)     All persons to whom distributed, show, or explained; and
    (xi)    Present custodian.

5. This document request shall be deemed to be continuing so as to require further and supplement production if you receive, produce, create, discover, or acquire additional documents covered by this request after the time of the initial production.

6. The following rules of construction apply to all discovery requests contained herein:

    (i)    <u>All/Each</u>.  The terms "all" and "each" shall be construed as all and each.
    (ii)   <u>And/Or</u>.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the

        scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

  (iii)  <u>Singular/Plural</u>.  Words importing the singular number shall mean and include the plural number, and vice-versa.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by First Class U.S. mail and email to all parties listed below, on February 9, 2024.

Jerry Tamayo, Esq.
110 S.E. Sixth Street
Suite 1500
Fort Lauderdale, FL 33301
jdt@TrippScott.com

        Respectfully Submitted,

        **SHRAIBERG PAGE P.A.**
        Attorneys for the Debtors
        2385 NW Executive Center Drive, #300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047
        Email: pdorsey@slp.law

        By:   /s/ Patrick Dorsey
            Patrick Dorsey, Esq.
            Florida Bar. No. 008584

## **SCHEDULE A**

1. All Documents and ESI that were relied upon or otherwise utilized in preparing the Claim.

2. All Documents and ESI that are referenced in the Claim.

3. All Documents and ESI that were relied upon or otherwise utilized in preparing the Answer.

4. All Documents and ESI that are referenced in the Answer.

5. All Documents and ESI that Aura intends to introduce as exhibits or otherwise utilize during trial in the above-captioned adversary proceeding.

6. All contracts to which either or both of the Debtors are a party.

7. All contracts between to which (a) Aura and (b) either or both of the Debtors, are parties.

8. All communications with the Debtors.

9. All Documents and ESI, including descriptions of work, invoices, travel receipts, and communications, evidencing the services that Aura alleges to have performed under the TCA.

10. All Documents and ESI utilized or otherwise relied upon in calculating the $485,643 figure that the Claim alleges is owing under the TCA.

11. All Documents and ESI in which the Debtor agreed to purchase goods from Aura.

12. All purchase orders issued by either or both of the Debtors to Aura.

13. All Documents and ESI, including descriptions of work, invoices, travel receipts, and communications, evidencing the expenses that Aura alleges to have incurred for training the Debtor's sales and marketing personnel.

14. All Documents and ESI utilized or otherwise relied upon in calculating the $353,354 figure that the Claim alleges is owing under the Co-Distribution Agreement attached to the Claim as Exhibit 3.

15. All communications with creditors of Aura. The timeframe for this request is January 1, 2023 to the present.

16. All account statements, invoices, bills and late or past due notices issued by creditors of Aura to Aura. The timeframe for this request is January 1, 2023 to the present.

17. All Documents and ESI, including financial account statements, cancelled checks, wire transfers, evidencing payments made by Aura to its creditors. The timeframe for this request is January 1, 2023 to the present.

18. All Documents and ESI evidencing the assertion in the Claim that, "As a result of said breach, and as a result of the Debtor's failure to pay the amounts referenced above, the Claimant became insolvent and filed for bankruptcy in Israel."

19. All Documents and ESI utilized or otherwise relied upon in calculating the $11.2 million damages figure alleged in the Claim.

20. All Documents and ESI filed of record in the Israeli bankruptcy case initiated by Aura.

21. All Documents and ESI evidencing that the Parent Lender Consent and Bank Mizarahi Consent (as such terms are defined in the Merger Agreement) were ever in full force and effect. The timeframe for this request is January 1, 2023 to the present.

22. All Documents and agreements that were required to be entered into or delivered under or in connection with the Parent Lender Consent and the Bank Mizrahi Consent (as such terms are defined in the Merger Agreement). The timeframe for this request is January 1, 2023 to the present.

23. All communications with Potential Purchasers. The timeframe for this request is January 1, 2023 to the present.

24. All contracts with Potential Purchasers. The timeframe for this request is January 1, 2023 to the present.

25. All draft contracts with Potential Purchasers. The timeframe for this request is January 1, 2023 to the present.

26. All assignments or contracts otherwise transferring any of the intellectual property referenced in the TCA. The timeframe for this request is January 1, 2023 to the present.

27. All Documents and ESI evidencing the identity of any person that has owned any the intellectual property referenced in the TCA. The timeframe for this request is January 1, 2023 to the present.

28. All Documents and ESI that were relied upon or otherwise utilized in preparing responses to the Debtor's First Set of Interrogatories to Aura Smart Air, Ltd.

{2471/001/00573482}    8