UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re:<br><br>MOLEKULE GROUP, INC., and MOLEKULE, INC.<br><br>        Debtors. | Case No. 23-18094 (EPK)<br>Case No. 23-18093 (EPK)<br><br>Chapter 11<br>(Jointly Administered) |
| MOLEKULE GROUP, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>AURA SMART AIR, LTD.,<br><br>        Defendant. | Adv. Proc. No. 24-01004 (EPK) |

**NONPARTY GOOGLE LLC'S MOTION FOR RELIEF FROM ORDER GRANTING EMERGENCY MOTION TO MODIFY PRELIMINARY INJUNCTION**

> **Emergency Hearing Status**
>
> The Motion [ECF No. 84] giving rise to the preliminary injunction [ECF No. 96] that is the subject of this pleading was presented by Molekule Group, Inc. ("**Debtor**" or "**Molekule**") as an emergency. As detailed herein, the breadth of the injunction obtained by the Debtor imposes burdens on Google LLC ("**Google**") which make compliance unreasonable, if not impossible. Google, a non-party, is prepared to address this pleading as an emergency if the Court is inclined to hear it on that basis given the purported nature of the intellectual property at issue and the inability for Google to comply with the injunction imposed.

Google, by and through its undersigned counsel, respectfully requests by this motion (the "**Motion**") that the Court enter an Order that amends the *Order Granting Emergency Motion to Modify Preliminary Injunction* [ECF No. 96] (the "**Modified Preliminary Injunction**") to relieve Google, as a nonparty to the above captioned adversary proceedings, from the Modified Preliminary Injunction and the unreasonable burdens and duties created thereunder. In support of this Motion, Google states as follows:

**PRELIMINARY STATEMENT**

1. Molekule obtained the Modified Preliminary Injunction without complying with basic due process requirements. As a result, Molekule obtained an order that imposed extremely burdensome obligations on Google without Google having any opportunity to be heard. Google is not acting in concert with Aura Smart Air, Ltd. ("**Aura**," and collectively with Molekule, the "**Parties**") and advised Molekule of the unreasonableness of the burdens imposed by the Modified Preliminary Injunction. Despite several efforts to reach a reasonable resolution that addresses these concerns, Molekule maintains that Google must comply fully with the Modified Preliminary Injunction.

2. As addressed below, the breadth of the Modified Preliminary Injunction is burdensome. Given the multitude of accounts, platforms, and projects covered by the Modified Preliminary Injunction, there are serious concerns with Google's ability to comply with its terms. Attempts to comply also pose the risk of Google violating the Stored Communications Act (the "**SCA**").

3. Google has proposed that Molekule and Aura identify the specific intellectual property or data at issue and then have Aura transfer it to a neutral third party or the Court. Moving the data at issue would address the concerns arising from the Modified Preliminary Injunction and avoid burdens and costs being imposed on Google. Despite the reasonableness of Google's proposal, Molekule has refused to amend the Modified Preliminary Injunction.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. 11 U.S.C. §§ 157 and 1334 and the general order of reference from the United States District Court for the Southern District of Florida. S.D. Fla. Local Rule 87.2(a).

-2-

5. Venue of the Debtor's Chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicate for the relief requested herein are section 105 of the title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 7055 and 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9013-1 and 9075-1 of the Local Rules of Bankruptcy Procedure (the "**Local Rules**").

## BACKGROUND

7. On September 19, 2023, this action was filed in the United States District Court for the Southern District of Florida. *See Molekule Grp., Inc. v. Aura Smart Air, Ltd.*, Case No. 9:23-cv-81291-CANNON at ECF No. 1 (this "**Case**"). On January 5, 2024, this Case was referred to this Court as an adversary proceeding. *See id.* at ECF No. 59; ECF No. 1.

8. Both Parties have commenced insolvency proceedings. On or around August 25, 2023, Aura filed bankruptcy in Israel in the Tel Aviv-Jaffa District Court (the "**Israeli Court**"). *See* ECF No. 22 at 9-10. On October 3, 2023, Molekule and its debtor affiliate, Molekule, Inc., filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida. *See In re Molekule Group, Inc.*, Case No. 23-18094-EPK (Bankr. S.D. Fla.) (ECF No. 1) (the "**Bankruptcy Case**").

9. In this case, Molekule is seeking specific performance and injunctive relief against Aura due to the alleged breach of a certain Technology Collaboration Agreement (the "**TCA**").

10. According to Molekule, Aura has breached the TCA by, among other things, failure to:

> (a) deliver to Molekule all technology and information needed to deploy and operate a software dashboard application program Molekule licensed from ASA Ltd.; and (b) deposit all of its source code into an escrow established for the sole benefit of Molekule to secure its rights in and to the intellectual property.

*See* ECF No. 4.

-3-

11. On or about October 11, 2023, Molekule sought, and the District Court entered, a temporary restraining order [ECF No. 22] (the "**TRO**"), to enjoin Aura and Atlassian Corporation and its subsidiaries (collectively, "**Atlassian**") from "deleting, altering, modifying, or otherwise removing, or permitting the deletion, alternation, modification, or removal, of any or all intellectual property, source code, documents, and/or other data stored with Atlassian." *See* ECF No. 22 at 14-15 ¶ 2.

12. The District Court recognized that Atlassian may not be able to comply with the terms of the TRO and, if Atlassian could not comply, the District Court directed the Parties to "alert the Court of that fact (or related facts) and move for entry of modifications to this Order to better reflect the technical capabilities and realities attendant to effectuating the relief south." *See* ECF No. 22 at 15, ¶ 4.

13. On October 23, 2023, the District Court held a hearing for the issuance of a preliminary injunction. At that hearing, Molekule advised the District Court that Molekule had communicated with Atlassian and that Atlassian was taking efforts to preserve the intellectual property at issue in accordance with the TRO. Subsequently, on or about October 25, 2023, the District Court entered, a preliminary injunction (the "**Initial Preliminary Injunction**"), enjoining Aura and Atlassian from "deleting, altering, modifying or otherwise removing, or permitting the deletion, alteration, modification, or removal, of any or all intellectual property, source code, documents, and/or data (including backup data) stored with Atlassian…" *See* ECF No. 37 at 14.

14. On March 13, 2024, Molekule filed *Plaintiff's Emergency Motion to Modify Preliminary Injunction* (the "**Motion to Modify**"), seeking to "modify[] the scope of the preliminary injunction so as to prevent the modification or deletion of any [Aura] intellectual property stored with Google." *See* ECF No. 84 at ¶ 44. Not only was Molekule seeking to expand the injunction imposed against Aura but was seeking to impose significant duties and obligations

on Google. Significantly, the burdens that Molekule sought to impose on Google – a non-party – were sought without regard to whether Google could comply with such relief and without providing Google with proper notice or an opportunity to be heard.

15. According to the Motion to Modify, Molekule complied with the relevant notice requirements under Fed. R. Civ. P. 65(a)(1) with respect to Aura. Molekule, however, failed to properly notify Google. Google's registered agent in Florida wasn't served until March 15, 2024, the same day the hearing on Molekule's Motion to Modify was held.[1] As such, Google was not provided proper notice or the ability to defend its rights and/or inform this Court of the myriad issues presented in the Motion to Modify.

16. On March 19, 2024, based upon the representations made by Molekule, this Court granted the relief requested in the Motion to Modify and entered the *Order Granting Emergency Motion to Modify Preliminary Injunction* [ECF No. 96] (the "**Modified Preliminary Injunction**").

17. As provided in the Modified Preliminary Injunction:

> 3. Defendant Aura . . . and all persons in active concert or participation with Aura Smart Air, Ltd. having notice of this Order, including . . . Google, LLC . . . are hereby restrained and enjoined during the pendency of this case or until further Order of this Court as follows: from deleting, altering, modifying, or otherwise removing, or permitting the deletion, alteration, modification, or removal, of any or all intellectual property, source code, documents, databases, and/or other data (including backup data) stored, maintained, hosted, or present at, on, or with Google, LLC and its affiliates, parents or subsidiaries, contained in any Google related cloud platform, cloud-based environment, GCP projects, underlying platform services, URL (https://aura-web-platform.web.app/control-panel) and/or storage or operating type account(s), including, without limitation, Compute Engine, Cloud Storage, Bigtable, BigQuery, Pub/Sub, Cloud Functions, Dataflow, and other like projects or account(s), maintained or registered under the name of either Aura Smart Air, Ltd, Aura, Aura Air, Aura-b2b,

---

[1] Google is not a creditor of Molekule, and therefore, did not receive notice of the Bankruptcy Case either. *See* ECF No. 115.

> gilad@auraair.io, and/or any of its/their affiliates, officers, trustees, employees, or assigns.
>
> 4. This Order does not purport to prevent Aura Smart Air, Ltd. from merely accessing its own intellectual property held by Google, LLC. But it does prohibit the deletion, alteration, modification, or removal of intellectual property as described in paragraph 3 above.
>
> 5. This Order shall remain in effect during the pendency of this case and until further Order of the Court.

*See* ECF No. 96 at 15-17.

18. Google is unable to comply with the Modified Preliminary Injunction as entered for several reasons. First, the Modified Preliminary Injunction presents conflicting obligations on Google. On one hand, the Modified Preliminary Injunction enjoins Google from "permitting the deletion, alteration, modification, or removal, of any or all [Data], maintained, hosted, or present at, on, or with Google, LLC." On the other hand, the Modified Preliminary Injunction specifically permits Aura to continue to access its intellectual property, source code, documents, databases, and/or other data (collectively, the "Data"). Google is unaware of a means to both permit Aura to access to the Data while simultaneously restraining Aura from deleting, altering, modifying or removing such Data. Thus, as entered, Google could be held in contempt for violation of the Modified Preliminary Injunction through no fault of its own.

19. Second, the overly broad scope of the Modified Preliminary Injunction requires Google to potentially impose restrictions on accounts and property of persons unrelated to the parties in this action, including preventing the deletion, modification, altering of data stored in accounts "maintained or registered under the name of either Aura Smart Air, Ltd, Aura, Aura Air, Aura-b2b, gilad@auraair.io, and/or any of its/their affiliates, officers, trustees, employees, or assigns." Preventing deletion or modification could, for example, necessitate freezing information that might encompass data held by persons and entities unrelated to the data and Parties involved in this action and/or prevent those unrelated parties from accessing that data.

20. Third, despite multiple communications with Molekule, Molekule has been unable to adequately identify the precise location of the key intellectual property it seeks within the Google Cloud Platform ("GCP"). GCP is a suite of cloud computing services that includes data storage, computing, and data analytics alongside a set of management tools. Although Aura may have data hosted on GCP, Google has no specific knowledge of Aura's account(s), if any, what information it contains, or where specific information is located. Google, a non-party, should not be tasked with the burden, cost, and risk of rummaging through the account(s) attempting to locate the key information Molekule seeks. This is especially true here where Aura, a party to this action, has access to any relevant account(s), knows the location of the relevant information Molekule seeks, and can efficiently identify and preserve it.

21. Fourth, even if Google could comply with the terms of the Modified Preliminary Injunction, doing so presents substantial risk of violation of the Stored Communications Act (the "**SCA**"), *see generally*, 11 U.S.C. § 2701, *et seq.*, which prohibits Google from accessing or knowingly divulging to any person or entity the contents of a communication while in electronic storage by that service.

22. Presented with these issues, Google has engaged in discussions with the Parties over the last several weeks, endeavoring to find a consensual resolution. Specifically, Google has requested Molekule and Aura identify the intellectual property or Data at issue and agree to move the same to a platform under the control of a neutral party or the Court. Molekule advised that it would not agree to Google's proposal and directed Google to comply with the Modified Preliminary Injunction as entered by this Court. As of the filing of this motion, Aura's counsel was still reviewing Google's request with Aura.

23. Google submits that the best path forward is to have the Parties identify the specific intellectual property and/or data at issue and then have the same moved to the control of the Court or a third-party that cannot be accessed by either party without further order of this Court.

24. Accordingly, this Court should modify the Modified Preliminary Injunction to release Google from the obligations provided therein and grant any other relief deemed necessary.

**ARGUMENT**

25. This Court has inherent continuing authority over the Modified Preliminary Injunction and "is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law, *or for any other good reason*." *See, e.g.*, *FTC v. Roca Labs, Inc.*, 2017 U.S. Dist. LEXIS 228788, at *7 (M.D. Fla. Apr. 13, 2017) ("A district court has continuing jurisdiction over a preliminary injunction.") (emphasis added); *see also Delta T, LLC v. Kale Fans Am. S.A. DE C.V.*, 2021 U.S. Dist. LEXIS 35855, at *2-3 (M.D. Fla. Jan 22, 2021) ("A district court has continuing jurisdiction over a preliminary injunction, and, in the exercise of that jurisdiction, is authorized to modify the injunction as equity requires.").

26. Further, as provided in Modified Preliminary Injunction, a modification is appropriate under Federal Rule of Civil Procedure 54(b) (as made applicable to this Case through Bankruptcy Rule 7054). *See* ECF No. 96 at 15.[2] Rule 54(b) provides that an order which adjudicates fewer than all of the claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Accordingly, this Court has the power to modify or overturn the Modified Preliminary Injunction. *See, e.g.*, *Humble Oil & Refining Co. v. American Oil Co.*, 405 F.2d 803, 812 (8th Cir. 1969); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005); *Detroit Auto Dealers Ass'n, Inc. v. Fed. Trade Comm'n*, 84 F.3d 787, 789 (6th Cir. 1996). "When considering whether to modify a

---

[2] Paragraph 2 of the Modified Preliminary Injunction provides: "Plaintiff's request to modify the Injunction under Rule 54(b) or, alternately, to issue a second preliminary injunction under Rule 65(a) is GRANTED."

preliminary injunction, a district court is not bound by a strict standard of changed circumstances but is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law." *Omaha Indem. Co. v. Ram Syndicate, Inc.*, 949 F.2d 235, 239 (8th Cir. 1991) (quotation omitted).

27. Some courts have imposed a different standard for modification of a preliminary injunction under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Bankr. P. 9024 (providing that, subject to certain exceptions not relevant to the present case, Fed. R. Civ. P. 60 applies in cases under the Bankruptcy Code). Even under that standard, Google satisfies its burden for obtaining relief from the Modified Preliminary Injunction. *See, e.g.*, *Roca Labs*, 2017 U.S. Dist. LEXIS 228788, at *7-8 ("Rule 60(b) . . . prescribes how and when a party may obtain relief from a judgment or order[.]"). Under Rule 60(b), "a court may relieve a party . . . from a final judgment, order, or proceeding for," *inter alia*, "excusable neglect . . . the judgment is void . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60. "[I]t is well established that the Bankruptcy Court as a court of equity has the power to vacate an order or decree," *In re Johnson & Morgan Contractors,* 29 B.R. 372, 374 (Bankr. M.D. Pa. 1983), "or otherwise modify its own decree." *In re Lebanon Steel Foundry,* 48 B.R. 520, 523 (Bankr. M.D. Pa. 1985). "The many subsections of Fed. R. Civ. P. 60(b) provide a broad spectrum in which bankruptcy judges can vacate prior orders," or aspects of orders. *In re F.A. Potts & Co., Inc.,* 86 B.R. 853, 857 (Bankr. E.D. Pa. 1988). Doing so falls within the Court's discretion. *In re Eastern Sugar Antitrust Litig.,* 697 F.2d 524, 528 (3d Cir. 1982). "[N]ot only does the Bankruptcy Court have the power to vacate a final judgment but also may exercise this power very liberally." *In re Durkalec,* 21 B.R. 618, 620 (Bankr. E.D. Pa. 1982). "The only criteria necessary is to 'accomplish justice.'" *Id.* (quoting *In re Burley,* 11 B.R. 369 (Bankr. C.D. Cal. 1981), *rev'd on other grounds,* 27 B.R. 603 (B.A.P. 9th Cir. 1982), *rev'd,* 738 F.2d 981 (9th Cir. 1984)).

28. To the extent this Court determines that Rule 60 governs this Motion rather than the general equitable standard above, Google is entitled to modification under Rule 60(b)(1), (4) and (6), as the Modified Preliminary Injunction pertains to Google.[3] First, under Rule 60(b)(4), the Modified Preliminary Injunction is void as it pertains to Google because Google's rights are significantly affected by the Modified Preliminary Injunction and Google was not given sufficient due process prior to having its rights limited. Second, the present case provides several other reasons justifying relief under Rule 60(b)(1) and (6), including the broad scope of the Modified Preliminary Injunction, the requirements imposed therein, and the impossibility of Google complying with its terms. Finally, Google should also be granted relief because the requirements of the Modified Preliminary Injunction may not conform with the SCA. Each argument is discussed in turn below.

### A. Molekule Violated Due Process Requirements by Requesting this Court Impose Obligations on Google, without Providing Notice and an Opportunity to be Heard.

29. An order is properly set aside under Rule 60(b)(4) where, as here, due process violations exist that render the order void. *See FDIC v. SLE, Inc.,* 722 F.3d 264, 270 (5th Cir. 2013).

30. The requirements of due process are flexible and call for protections as the situation demands. *SLE, Inc.,* 722 F.3d at 270. At a minimum, due process requires that notice and an opportunity to be heard be granted at a meaningful time and in a meaningful manner. *Id.; see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950); *Orner v. Shalala,* 30 F.3d

---

[3] Although Google submits that this Court is within its power to modify the Modified Preliminary Injunction without reference to Rule 60, Google seeks relief under both standards out of an abundance of caution. Courts have reached opposite conclusions regarding whether relief from a preliminary injunction is appropriate under Rule 60. *Compare Roca Labs, Inc.*, 2017 U.S. Dist. LEXIS 228788 (analyzing a motion to vacate under Rule 60, despite recognizing the court's "authoriz[ation] to make any changes in the injunction") *with Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (explaining that "a preliminary injunction is not a 'final judgment, order, or proceeding' that may be addressed by a motion under Rule 60(b)" because it is "interlocutory"). Google submits that both standards are satisfied here. To the extent this Motion is considered under Rule 60, it is timely under Rule 60(c), because it is brought "within a reasonable time" and much less than one year after the relevant order.

-10-

1307, 1310 (10th Cir. 1994) (finding judgment void); *Grace v. Bank Leumi Tr. Co. of NY,* 443 F.3d 180, 193 (2d Cir. 2006). Due process requires a party must provide notice that is "'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections.'" *United Student Aid Funds, Inc. v. Espinosa (In re Espinosa)*, 559 U.S. 260, 272 (2010) (*quoting Mullane*, 339 U.S. at 314). Failure to comply with due process requirements renders an order or judgment void or non-binding. *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 834-835 (11th Cir. 1989) (creditor not bound by discharge order when debtor failed to provide adequate notice of claims bar date); *Munn v. Collins (In re Collins)*, 647 B.R. 425, (Bankr. M.D. Ga 2022) (finding creditor was not bound by confirmed plan when notice was insufficient).

31. A court may relieve a party from a final judgment or order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Espinosa*, 559 U.S. at 270 (citations omitted). Rule 60(b)(4) applies "where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271; *see also Oakes v. Horizon Fin., S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001) ("A judgment is 'void' under Rule 60(b)(4) if it was rendered without jurisdiction of the subject matter or the parties or in a manner inconsistent with due process of law."); *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023)

32. Here, Molekule failed to properly notify Google of the Modified Preliminary Injunction in a timely manner and Google was not afforded an opportunity to be heard on Molekule's requested relief prior to entry of an order against Google in violation of basic due process. Google is aware that Rule 65(d)(2) authorizes non-parties to litigation to be bound by injunction. *See* Fed. R. Civ. P. 65(d)(2). However, Google is not "in active concert or

participation" with Aura or anyone related to the Parties. *See* Fed. R. Civ. P. 65(d)(2)(C). Based on information and belief, Molekule failed to present any evidence to establish that Google is properly subject to the preliminary injunction imposed.

33. Google submits that, given the sweeping scope of the Modified Preliminary Injunction, grounds exist under Rule 60(b)(4) to find that the Modified Preliminary Injunction is void as it pertains to Google because due process requires that Google be afforded an opportunity to defend its rights and interests as affected by the Modified Preliminary Injunction.

**B. The Modified Preliminary Injunction is Overly Broad and Imposes Unreasonable Burdens On a Non-Party.**

34. The Court should also modify and/or vacate the Modified Preliminary Injunction as it pertains to Google because it is burdensome for Google to comply with the requirements of the injunction imposed and Aura, a party to the dispute, can efficiently comply. Pursuant to Rule 60, a court may relieve a party from a final judgment due to surprise or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1) and (6). Significantly, Rule 60(b)(6) "is a flexible standard that 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *In re Zantac Ranitide Prods. Liab. Litig.*, 2023 U.S. Dist. LEXIS 184944, at *157-58 (S.D. Fla. Sep. 26, 2023) (*quoting Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)). "Ultimately, the touchstone for Rule 60(b)(6) is that there must be an injustice to be corrected." *Id.*

35. In this case, Molekule failed to provide Google with proper notice and thus, the Modified Preliminary Injunction was entered by surprise. As addressed above, Google is entitled to adequate notice and an opportunity to be heard. If Google were provided due process, it would have addressed the inaccuracies of Molekule's assertions and identified the difficulty for Google to comply with Molekule's overly burdensome requests. Additionally, it is unclear why Molekule properly notified Atlassian earlier in this dispute but failed to properly notify Google here.

Regardless, the result of Molekule's actions was that the Modified Preliminary Injunction was entered against Google by surprise and thus, may be modified under Rule 60(b)(1).

36. Google must not be required to comply with the Modified Preliminary Injunction when compliance is impossible. *See Newman v. Graddick*, 740 F.2d 1513, 1528 (11th Cir. 1984) ("Inability to comply, however, is a complete defense.") (*citing United States v. Rylander*, 460 U.S. 752 (1983)). The Modified Preliminary Injunction both imposes the burden on Google of preventing "the deletion, alteration, modification, or removal, of any or all [Data]" while also specifically permitting Aura the ability to access its own intellectual property held by Google. Google is unable to both permit access to the relevant intellectual property while simultaneously preventing Aura from deleting, altering, modifying or removing it. Thus, the Modified Preliminary Injunction creates a scenario where Google could be found noncompliant with this Court's order through no fault of its own.

37. Even if Google could ensure preservation of the Data while simultaneously allowing Aura access to the Data, the Modified Preliminary Injunction imposed unreasonable burdens on Google. Molekule's inability to identify the Data at issue with any specificity means Google would have to expend significant time to identify the accounts, platforms, and projects subject to the breadth of the Modified Preliminary Injunction and then rummage through them trying to identify and somehow preserve relevant data without impacting data unrelated to the disputes between Molekule and Aura. It is unreasonable for Molekule to seek to impose these burdens on Google as a non-party in this matter.

### C. Compliance with the Modified Preliminary Injunction May Require Google to Violate the Stored Communications Act.

38. The Modified Preliminary Injunction also poses substantial risk that Google will be in violation of the SCA. The SCA "prohibits unauthorized access to certain electronic communications…and places restrictions on a service provider's disclosure of certain

communications." *Warshak v. United States*, 532 F.3d 521, 523 (6th Cir. 2008) (citing 18 U.S.C. §§ 2701 and 2702). The restrictions contained within the SCA are intended to "protect[] individuals' privacy and proprietary interests" and "reflects Congress's judgment that users have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1072 (9th Cir. 2004).

39. A violation of the SCA occurs if a person "'intentionally accesses without authorization' or 'intentionally exceed[] an authorization to access' a facility through which an electronic communication service is provided." *Coffee v. Stolidakis*, 2022 U.S.Dist. LEXIS 119619 at *6-7 (D. Nev. July 6, 2022) (quoting 18 U.S.C. §2701(a)(1)-(2)). The SCA "imposes criminal and civil penalties when a person 'accesses an electronic communication service, or obtains an electronic communication while it is still in storage, without authorization.'" *In re Toft*, 453 B.R. 186, 197 (Bankr. S.D.N.Y. 2011) (quoting *Pure Power Boot Camp v. Warrior Fitness Boot Camp*, 587 F.Supp. 2d 548, 555 (S.D.N.Y. 2008)); *see also Theofel*, 359 F.3d . at 1074-1075.

40. The prohibitions against accessing or disclosing the contents of communications include not only emails, instant messages, and photographs, but also location information and other related information. *See, e.g.*, *Elf-Man, LLC v. Does,* NO: 13-CV-0115-TOR, 2013 WL 12170603, at *2 (E.D. Wash. Apr. 15, 2013) (requiring that "[i]nformation provided in response to a subpoena shall not include photographs, emails, or the content of communications which may be subject to the Stored Communications Act"); *Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F. Supp. 2d 987, 994 (C.D. Cal. 2012) ("SCA prohibits AT & T from disclosing the content of any text messages to Defendants").

41. Google has not currently accessed any accounts, platforms or projects that may be covered by the Modified Preliminary Injunction; however, Google would likely need to access this information if it attempted to comply with Court's Order as written. Based upon information and

belief, which is shaped by discussions with the Parties, the Data sought to be preserved by Molekule likely contains communications subject to the SCA.

42. Accordingly, Google should not be compelled to choose between compliance with this Court's Order and potentially violating the SCA. Thus, the Motion should be granted.

**WHEREFORE**, for the reasons set forth above, Google respectfully requests the entry of an order in the form attached hereto (i) amending the Modified Preliminary Injunction to remove all factual findings related to Google, (ii) amending the Modified Preliminary Injunction to relieve Google from all requirements and burdens imposed thereby, and (iii) granting any such other and further relief as this Court determines is just and appropriate.

Dated: Miami Florida
        May 23, 2024

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone: (305)789-3200
Facsimile:  (305) 789-3395

By: /s/ Drew Dillworth
DREW M. DILLWORTH, ESQ.
Florida Bar No. 0167835
ddillworth@stearnsweaver.com

*Attorneys Google LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this 23rd day of May 2024, by electronic transmission through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

By: _/s/ Drew M. Dillworth_
DREW M. DILLWORTH

-2-

# SERVICE LIST
## Adv. Proc. No. 24-01004 (EPK)
## United States Bankruptcy Court, Southern District of Florida

a) The following parties are registered to receive Notice of Electronic Filing and should have been served through CM/ECF.

- **Michael Peter De Simone**     mdesimone@sfl-law.com
- **Patrick R Dorsey**     pdorsey@slp.law, dwoodall@slp.law;pmouton@slp.law;pdorsey@ecf.courtdrive.com
- **Veronica M Rabinowitz**     vrabinowitz@sfl-law.com, vrabinowitz@sfl-law.com;rkemper@sfl-law.com;dlevine@sfl-law.com;eservice@sfl-law.com
- **Bradley S Shraiberg**     bss@slp.law, dwoodall@slp.law;dwoodall@ecf.courtdrive.com;pmouton@slp.law
- **Spencer M Thompson**     sthompson@sfl-law.com

-2-

#12775899 v1