UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**In re:**

**MKUL, INC. (f/k/a MOLEKULE GROUP, INC.)**

Debtors.

Case No. 23-18094-EPK

Chapter 11
(Jointly Administered)

**MKUL, INC. (f/k/a MOLEKULE GROUP, INC.),**
a Delaware corporation,

    Plaintiff,

v.

**AURA SMART AIR, LTD.**, an Israeli corporation,

    Defendant.

Adv. Proc. No. 24-01004-EPK

### DEFENDANT AURA SMART AIR, LTD.'S PROPOSED AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, AURA SMART AIR, LTD., hereby filed its Answer and Affirmative Defenses, and alleges:

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies the first two sentences contained in paragraph 4 of the Complaint, and is without knowledge of the last sentence. Plaintiff failed to pay the required service fees under section 3.4 of the SOW-1 to the Technology Collaboration Agreement. Plaintiff was contractually obligated to pay $68,181.81 each month until February 2024, for the services

1

provided by Defendant under the SOW-1 to the Technology Collaboration Agreement which was completed to Plaintiff's satisfaction.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint. The launch was not successful and the described B2B customers are Defendant's customers.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint. Defendant did not execute the subject escrow agreement.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint. Defendant did not execute the subject escrow agreement. Defendant was required to transfer to Plaintiff only the tangible embodiments which it did. Plaintiff, in bad faith, is attempting include as tangible embodiments the full source code of the software including the background IP of Defendant.

8. Defendant admits the first three sentences contained in paragraph 8 of the Complaint, and is without knowledge of the last sentence. Additionally, Plaintiff caused Defendant to fail to pay certain creditors as a result of the unjustified breach of the merger agreement and failed to submit orders according to Technology Collaboration Agreement and the distribution agreement.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

### The Parties, Jurisdiction and Venue

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint. This admission is without prejudice to Defendant's claim that since the bankruptcy proceedings of

Defendant were filed, the exclusive jurisdiction is granted to the Tel-Aviv district court in Israel and that Plaintiff should have addressed its claim to that court, after asking for permission to do so, in light of the Stay Order.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

**General Allegations**

18. Defendant is without knowledge of the allegations contained in paragraph 18 of the Complaint.

19. Defendant is without knowledge the allegations of the first sentence of paragraph 19 of the Complaint, and is without knowledge of the second sentence.

20. Defendant is without knowledge of the allegations contained in paragraph 20 of the Complaint.

21. Defendant is without knowledge of the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without knowledge of the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations of the first two sentences of paragraph 23 of the Complaint, and is without knowledge of the last sentence. The Technology Collaboration Agreement and a Co-Distribution Agreement was an integrated transaction with the merger agreement, which were all executed the same day, and was meant to bridge an interim period until the consummation of the merger.

24. Defendant admits that the parties entered into a merger agreement and a Technology Collaboration Agreement, a true and correct copy of which is attached to the Complaint. The same day, the parties also executed a Co-Distribution Agreement. Defendant denies the remaining allegation of paragraph 24.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint. Each agreement between the parties speaks for itself and must be read together as part of an integrated transaction. Further, Plaintiff has failed to pay for the services provided for in the Technology Collaboration Agreement.

27. Defendant denies the allegations of paragraph 27 of the Complaint. Each agreement between the parties speaks for itself and must be read together as part of an integrated transaction. Further, Defendant was discharged from performance because, among other reasons, Plaintiff failed to pay the required service fees under section 3.4 of the SOW-1 to the Technology Collaboration Agreement. Plaintiff was contractually obligated to pay $68,181.81 each month until February 2024, for the services provided by Defendant under the SOW-1 to the Technology Collaboration Agreement which was completed to Plaintiff's satisfaction.

28. Defendant denies the allegations of paragraph 28 of the Complaint. Tangible embodiments does not include the full source code of software.

29. Defendant denies the allegations of paragraph 29 of the Complaint. Tangible embodiments does not include the full source code of software. Further, each agreement between the parties speaks for itself and must be read together as part of an integrated transaction.

30. Defendant admits the allegations of paragraph 30 of the Complaint.

31. Defendant is without knowledge of the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint. The parties never entered in to an escrow agreement. Further, Defendant breached the merger agreement and technology collaboration agreement between the parties and there is no approval from the commissioner of innovation to such transfer of IP.

33. Defendant admits the allegations of paragraph 33 of the Complaint.

34. Defendant is without knowledge of the allegations in paragraph 34 of the Complaint.

35. Defendant is without knowledge of the allegations in paragraph 35 of the Complaint. However, the customers described in this allegation include Defendant's customers.

36. Defendant denies the allegations of paragraph 36 of the Complaint, as Defendant attended such meetings after Plaintiff stopped payments and, thus, Defendant was under duress.

37. Defendant denies the allegations of paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

39. Defendant is without knowledge of the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant admits the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the first sentence of paragraph 46 of the Complaint, as Plaintiff's failure to make payments to Defendant per the agreements referenced in this answer resulted in Defendant failing to pay its vendors.  Defendant is without knowledge of the second sentence of paragraph 46 of the Complaint.

47. Defendant is without knowledge of the allegations in paragraph 47 of the Complaint.  Plaintiff's failure to make payments to Defendant per the agreements referenced in this answer resulted in Defendant failing to pay its vendors

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant admits the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.  Plaintiff caused the insolvency of Defendant.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

## Count I – Specific Performance

53. Defendant realleges and incorporates paragraphs 1-52 above.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.  Plaintiff caused the insolvency of Defendant.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

## Count II – Injunctive Relief

61.     Defendant realleges and incorporates paragraphs 1-52 above.

62.     Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

## Affirmative Defenses

1.      Plaintiff failed to state a claim against Defendant for which relief can or should be granted.

2.      Plaintiff breached its agreement and promise to Defendant by failing and refusing to comply with the terms of their merger agreement and by failing to consummate the merger transaction, failing to furnish the merger consideration and terminated such agreement without a justified cause.  Plaintiff also committed a prior material breach of a Co-Distribution Agreement that was executed simultaneously with the Merger Agreement and Technology collaboration Agreement, by failing to make the orders they were contractually obligated to make.  As a result of Plaintiffs' breach of their agreements and promises, Plaintiff's claims should be barred and rejected.  The various agreements and commitments among the parties relating to the merger agreement, including, but not limited to, the Technology Collaboration Agreement and Co-Distribution Agreement, were all part and parcel of the same integrated transaction/agreement. The Technology Collaboration Agreement was meant only to bridge the period until the merger is closed.  Plaintiff's prior material breach of the merger agreement bars the enforcement of the Technology Collaboration Agreement.

3. Plaintiff committed a prior material breach of the Technology Collaboration Agreement by failing to pay for the services provided by Defendant thereunder. Specifically, Plaintiff failed to pay the required service fees under section 3.4 of the SOW-1 to the Technology Collaboration Agreement. Plaintiff was contractually obligated to pay $68,181.81 each month until February 2024, for the services provided by Defendant under the SOW-1 to the Technology Collaboration Agreement which was completed to Plaintiff's satisfaction. Further, there is no authorization of the Israeli Commissioner of Innovation to transfer any of the IP to Plaintiff. Without such authorization, no transfer of rights can be made.

4. Plaintiffs is estopped from seeking any relief or claims against Defendant.

5. Plaintiff's unclean hands prevent and bar Plaintiff from seeking any relief or claims against Defendant.

6. Plaintiff's claim is barred to the extent it would require Defendant to violate Israeli Law. Defendant developed the Aura Air Platform with more than $900,000.00 in grants from the Israeli Innovation Authority ("IIA"). Due to the IIA funding of the development of the Aura Air Platform, Israeli Law imposes restrictions regarding the transfer of the source code used in the Aura Air Platform. Specifically, Section 14.1 of Track 1 Rules "The recipient of the approval undertakes to ensure that it will be the owner of the technology arising from research and development under the approved plan and all rights deriving therefrom, including intellectual property rights, as of the moment of creation, unless approval is granted to transfer them in accordance with the provisions of this track." Such a transfer to Molekule (or any other person or entity for that matter) would violate Israeli R&D Law, and the IIA may impose criminal and financial penalties on Defendant. The Merger Agreement, pursuant to which Molekule was to become the owner of ASA as the surviving sub an Israeli corporation, reflects the intent of the

parties to adhere to the R&D Law, thus keeping the source code in ASA's ownership and control. The Merger Agreement contains representations and warranties of ASA with respect to its receipt of the grants and lists IIA consent among the closing conditions. Moreover, Molekule undertook to sign the Undertaking addressed to the IIA, as mentioned above, acknowledging that it is aware of the grants and that it will comply with the restrictions set out in the R&D relating to transfer of technology and manufacturing of IIA-funded products outside of Israel. On May 24, 2023, the IIA approved the merger transaction, subject to the following provisos: (i) Molekule sign the acknowledgement described above, and (ii) that the source code developed with IIA support may not be deposited into escrow without the IIA's prior consent. Consent for transfer into escrow was never sought or obtained, so that the transfer of the source code from ASA to an escrow agent or to Molekule itself, would be in contravention of the R&D Law. Therefore, because Plaintiff's claim, if granted, would violate Israeli Law, Plaintiff's claim is barred.

WHEREFORE, having answered the allegations contained in the Complaint, Defendant prays that Plaintiff takes nothing and that judgment be entered in favor of Defendant on all claims asserted by Plaintiff and award Defendants all costs of this action, including reasonable attorneys' fees, and such further relief this Court deems appropriate.

Dated: August 9, 2024

**SANCHEZ FISCHER LEVINE, LLP**
1200 Brickell Avenue, Ste. 750
Miami, Florida 33131
Telephone: (305) 925-9947

By: */s/ Michael P. De Simone*
Michael P. De Simone
Florida Bar No.: 199739
mdesimone@sfl-law.com
Veronica Rabinowitz, Esq.
Florida Bar No.: 99618
Email: vrabinowitz@sfl-law.com
Secondary email: eservice@sfl-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2024, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via electronic transmission of Notices of Electronic Filing generated by CM/ECF and/or via separate email.

By: */s/ Michael P. De Simone*
Michael P. De Simone